UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BR FESTIVALS LLC,   No. 14-10175

Debtor(s).
_____/

Memorandum on Motion to Appoint Chapter 11 Trustee
and Motion to Employ Chief Restructuring Officer
_____

This Chapter 11 case was commenced on February 5, 2014. There is an active Creditors Committee, and it has employed able counsel.

Upon the application of the debtor on February 6, 2014, , the court appointed Gabe Meyers as the responsible individual pursuant to B.L.R. 4002-1(a). However, 12 days later the debtor filed a motion to employ Randy Sugarman as "Chief Restructuring Officer." The motion alleged that Meyers does not have the skills necessary to guide the debtor through Chapter 11.[1] The motion is supported by the Committee.

The U.S. Trustee objected to Sugarman's employment, arguing that he would be in essence a trustee and that as such the debtor was avoiding the proper procedure for obtaining a Chapter 11 trustee set forth in section 1104(d) of the Bankruptcy Code. The U.S. Trustee then filed a motion for a Chapter 11 trustee, arguing that "Debtor's abdication of all substantive aspects of management and administration . . . to a CRO shortly after filing amounts to an admission that its current management is not suited for the job of managing this Debtor. The response to such an admission is the appointment

---

[1] While a rarity in the West, a body of case law regarding the employment of CROs has developed in the East, where venue rules allow most Chapter 11 cases to be filed. See generally "Emerging Trends and Lingering Criticisms: A CRO Retention Update," 32 Am.Bankr.Inst.J. 18 (2013).

1

of a chapter 11 trustee not the employment of a CRO who serves at the behest of current management."

The court does not agree with the U.S. Trustee that the act of seeking a CRO is evidence of mismanagement. Quite the contrary, it is evidence of acting responsibly. Nor is the court concerned at this point with the U.S. Trustee's unsupported allegations of conflicts of interest on the part of management and counsel, both because counsel has a reputation for ethical conduct and thorough knowledge of the responsibilities of a Chapter 11 debtor in possession and because there is an active creditors' committee represented by experienced counsel. Moreover, the active opposition of the Committee makes it clear that a Chapter 11 trustee is not in the best interests of creditors or any other parties with an interest in the debtor. There being no cause for appointment of a Chapter 11 trustee, the U.S. Trustee's motion will be denied.

Mr. Sugarman's employment is more problematical. As proposed, he would "oversee and manage the Debtor's compliance with its obligations as a Debtor-in-possession, oversee and manage the litigation of avoidance actions undertaken by the Debtor, assist in the preparation and promulgation of a Chapter 11 Plan, and act as a disbursing agent for funds of the Chapter 11 Estate." The court respectfully has reservations about following the decisions of those courts which have approved the employment of CROs, as it agrees with the argument made by the U.S. Trustee that a CRO is a disguised trustee and the motion is an attempted "end run" around the U.S. Trustee's statutory role in appointing Chapter 11 trustees set forth in § 1104(d). The court agrees more with those cases which have questioned the ability of the court to authorize the employment of any sort of "trustee equivalent" outside § 1104(d). See, e.g., *In re Adelphia Comm. Corp.,* 336 B.R. 610, 620 (Bkrtcy.S.D.N.Y. 2006).[2]

Even if the court has discretion to approve the employment of a CRO, it is not in the least

---

[2] Sugarman's resume touts his experience as both a state court receiver and a bankruptcy trustee. He would be, if the court approved his employment as presented, a "trustee equivalent."

2

convinced that it should exercise such discretion. The naming of trustees was removed from the powers of the court a quarter of a century ago for good reason. The court has no desire to revisit the old days when the court could be responsible for naming a bad trustee. The U.S. Trustee has, in addition to the statutory authority, the resources and ability to investigate the qualifications of a potential trustee and consult with the parties before making a selection. The court cannot perform these functions. Because the "CRO" as proposed in this case is too much like a Chapter 11 trustee, the court will not grant the debtor's motion.[3]

The debtor and the Committee may find some legitimate way to employ Sugarman which does not require court approval, and the court has no problem with this. The court also has no problem authorizing his employment under § 327 of the Code in a more limited role than proposed in the motion. Moreover, a confirmed plan can confer on Sugarman the same authority sought by the motion and the court is happy to shorten time as necessary so that such a plan can be quickly considered. But the court will not grant the motion as presented because Sugarman would be a trustee equivalent not selected by the U.S. Trustee.

Counsel for the debtor shall submit a form of order denying the U.S. Trustee's motion for a Chapter 11 trustee. Counsel for the U.S. Trustee shall submit a form of order denying the debtor's motion to employ a chief restructuring officer. Both orders shall recite that denial is without prejudice.

Dated: March 28, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

---

[3] The court notes that Sugarman is the debtor's nominee, not the court's. However, the court is supposed to approve only the U.S. Trustee's nominee as Chapter 11 trustee, not anyone else's. The motion would have the court play a role far too similar to its pre-U.S. Trustee role. This makes a judge who is old enough to remember those days very uncomfortable.