John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com

Attorneys for Randy Sugarman,
Trustee of the BR Festivals Liquidating Trust

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re:<br><br>**BR FESTIVALS, LLC,**<br><br>    Debtor. | Case No.: 14-10175<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION TO CLOSE CHAPTER 11 CASE PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE**<br><br>[Pursuant to B.L.R. 3022-1, no hearing unless objection filed or hearing requested] |

Randy Sugarman, solely in his capacity as the Trustee (the "Liquidating Trustee") under the *Debtor's Plan of Reorganization* [June 12, 2015] (the "Plan") of BR Festivals, LLC (the "Debtor") seeks entry of a final decree closing the chapter 11 case pursuant to Section 350(a) of the Bankruptcy Code, Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rule 3022-1.

**I.**

**FACTUAL BACKGROUND**

Many of the facts stated herein are the subject to testimony provided in the accompanying *Declaration of Randy Sugarman in Support of Motion to Close Chapter 11 Case Pursuant to Bankruptcy Code Section 350(a)*. The Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on February 5, 2014 (the "Petition Date"), commencing this chapter 11 case.

DOCS_SF:91135.1 10481/002                    1                    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION TO CLOSE CHAPTER 11 CASE

Case: 14-10175    Doc# 329-1    Filed: 06/13/16    Entered: 06/13/16 13:11:47    Page 1 of 8

The Plan was confirmed on June 30, 2015 and became effective on July 15, 2015. The Debtor's estate is now under the authority of Randy Sugarman, as Liquidating Trustee.

Under the Plan, the Liquidating Trustee was responsible for reconciling unresolved claims and distributing estate assets ratably, subject to the oversight of a Liquidating Trust Board made up of unsecured creditors who had previously served on the Official Committee of Unsecured Creditors.

Following the effective date of the Plan, the Liquidating Trustee wound up the Debtor's affairs in accordance with applicable law and the provisions of the Plan. The Liquidating Trustee ultimately reconciled, resolved, and paid all allowed claims against the estate, including any secured, administrative, priority, and general unsecured claims consistent with the Requirements of the Plan.

On or about August 2015, the Liquidating Trustee distributed a total of approximately $914,000 to all creditors holding allowed general unsecured claims under Class 2 of the Plan. Thereafter, on or about January 2016, the Liquidating Trustee made a second and final distribution to creditors in the aggregate amount of approximately another $232,000. As a result, the total dividend paid to unsecured creditors in this case was approximately 25%.

The following facts, among others, support entry of a final decree: (1) the confirmation order entered on June 30, 2015 has become final and no appeal was filed or is pending; (2) all funds required by the Plan (*e.g.,* proceeds from the liquidation of assets or cash under the control of the Liquidating Trust) have been distributed or appropriately reserved; (3) All transfers of property required by the Plan have been made; (4) as contemplated by Article VI of the Plan, the Liquidating Trust has liquidated all of the estate for the benefit of creditors subject to the oversight of the Liquidating Trust Committee; (5) payments to creditors required under the Plan have been substantially completed; and (6) all motions, contested matters, and adversary proceedings involving the Debtor or the Liquidating Trust have been finally resolved. The Liquidating Trustee will file and pay all fees that are due to the Office of the United States Trustee through the date of closing this case to the extent of available funds.

DOCS_SF:91135.1 10481/002  2  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION TO CLOSE CHAPTER 11 CASE

Case: 14-10175   Doc# 329-1   Filed: 06/13/16   Entered: 06/13/16 13:11:47   Page 2 of 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Section 6.14.3 of the Plan provides: "[o]nce the Plan is substantially consummated, the Liquidating Trustee shall file an application for a Final Decree as provided in the Local Rules.

The Liquidating Trustee and the Liquidating Trust Committee each support entry of an order closing the bankruptcy case in the form attached hereto as **Exhibit A**.

## II.

## LEGAL ARGUMENT

A.  **Section 350(a) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3022, and the Plan Each Support a Final Decree of Closure.**

Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." Federal Rule of Bankruptcy Procedure 3022 implements Section 350(a) in the context of chapter 11 reorganizations. Rule 3022 provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Once a case has been fully administered, entry of a final decree is mandatory. *In re Indian Creek Ltd. Partnership,* 205 B.R. 609, 612 (Bankr. D. Az. 1997) (final decree cannot be conditioned on payment of U.S. Trustee fees).

Section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure reflect a general policy favoring closure of a bankruptcy case as soon as the Court's oversight is no longer necessary. *See, e.g., North American Car Corp. v. Peerless Weighing & Vending Machine Corp.*, 143 F.2d 938, 940 (2d Cir. 1944) ("Since the purpose of reorganization clearly is to rehabilitate the business…, it should be the objective of courts to cast off as quickly as possible all leading strings which may limit and hamper its activities and throw doubt upon its responsibility."). The Advisory Committee Notes (1991) to Rule 3022 of the Federal Rules of Bankruptcy Procedure state, "Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the Plan have not been completed.... The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future."

DOCS_SF:91135.1 10481/002  3  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION TO CLOSE CHAPTER 11 CASE

Case: 14-10175    Doc# 329-1    Filed: 06/13/16    Entered: 06/13/16 13:11:47    Page 3 of 8

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Finally, the Plan itself in section 6.14.3 provides for a final decree under these circumstances.

**B. A Final Decree Is Appropriate Because the Liquidating Trustee Has Satisfied the Factors Demonstrating That the Estate Has Been Fully Administered.**

The Advisory Committee Notes to Federal Rule of Bankruptcy Procedure 3022 set forth six factors that a court should consider to determine whether an estate has been fully administered. Those factors include:

(1) Whether the order confirming the plan has become final;

(2) Whether deposits required by the plan have been distributed;

(3) Whether the property proposed by the plan to be transferred has been transferred;

(4) Whether the debtor has assumed the business or the management of the property dealt with by the plan;

(5) Whether payments under the plan have commenced; and

(6) Whether all motions, contested matters and adversary proceedings have finally been resolved.

Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991). Not all of these factors must be present or satisfied before the court may enter the final decree. *See, e.g., In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) (entry of final decree appropriate after payments commenced but not completed). Nor are the factors listed in the Advisory Committee Notes exclusive. *See, e.g., In re Jordan Mfg. Co.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (factors are not exclusive; final decree entered notwithstanding future payments owed by debtor). Rather, courts use these factors "as a guide in assisting the Court in its decision to close the case." *Mold Makers*, 124 B.R. at 768. *See generally In re Menk,* 241 B.R. 896, 911 (9th Cir. B.A.P. 1999) (explaining that the consequence of closing a case are limited, and relate primarily to the debtor or trustee's ability to recovery property for the estate).

Here, each of the factors articulated in the Advisory Committee Notes has been satisfied: (1) the Confirmation Order entered on June 30, 2015 has become final and no appeal was filed or is pending; (2) all deposits required by the Plan (*e.g.,* proceeds from the liquidation of assets or Cash

DOCS_SF:91135.1 10481/002  4  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION TO CLOSE CHAPTER 11 CASE

Case: 14-10175  Doc# 329-1  Filed: 06/13/16  Entered: 06/13/16 13:11:47  Page 4 of 8

under the control of the Liquidating Trust) have been distributed; (3) all transfers of property required by the Plan have been made; (4) as contemplated by the Plan, the Liquidating Trust has liquidated all of the estate for the benefit of creditors subject to the oversight of the Liquidating Trust Committee; (5) payments to creditors required under the Plan have been completed; and (6) all motions, contested matters, and adversary proceedings involving the Debtor have been finally resolved. In addition, the Liquidating Trustee has paid all outstanding quarterly fees to the United States Trustee and will, following closing of the chapter 11 case, pay all fees that may be due and payable through the date of closing. Under these circumstances, the Debtor's estate has been "fully administered" and entry of a final decree closing the case is appropriate.

## III.

## NOTICE

Pursuant to Bankruptcy Local Rule 3022-1(b), the Liquidating Trustee will serve copies of this Motion, including all supporting papers, on the Office of the United States Trustee, and all parties requesting post-confirmation notice.

## IV.

## CONCLUSION

The Liquidating Trust Committee supports closure of the bankruptcy case. As the Advisory Committee Notes explain, a final decree does not deprive the court of jurisdiction to enforce or interpret its own orders. For the foregoing reasons, the Liquidating Trustee requests that the Court enter a final decree closing the chapter 11 case of the Debtor consistent with the form of order attached hereto as **Exhibit A**.

Dated: June 13, 2016          PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John D. Fiero*
    John D. Fiero
    Attorneys for Randy Sugarman,
    Trustee of the BR Festivals Liquidating Trust

DOCS_SF:91135.1 10481/002           5           MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION TO CLOSE CHAPTER 11 CASE

Case: 14-10175   Doc# 329-1   Filed: 06/13/16   Entered: 06/13/16 13:11:47   Page 5 of 8

**EXHIBIT A**

(Proposed Order)

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_SF:91135.1 10481/002

Case: 14-10175    Doc# 329-1    Filed: 06/13/16    Entered: 06/13/16 13:11:47    Page 6 of 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE LIQUIDATING TRUSTEE'S MOTION TO CLOSE CHAPTER 11 CASE

John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: jfiero@pszjlaw.com

Attorneys for Randy Sugarman,
Trustee of the BR Festivals Liquidating Trust

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

In re:

**BR FESTIVALS, LLC,**

     Debtor.

Case No.: 14-10175

Chapter 11

**FINAL DECREE CLOSING CHAPTER 11 CASE PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE**

  The Court has considered the *Liquidating Trustee's Motion to Close Chapter 11 Case Pursuant to Section 350(a) of the Bankruptcy Code,* including the Memorandum of Points and Authorities, the Declaration of Randy Sugarman, and the Notice and Opportunity for Hearing (the "<u>Motion</u>") [Docket. Nos. ___]. Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Motion.

  Based upon the record before the Court, it appears that due and sufficient notice of the Motion has been provided under the circumstances; and there being no requests for hearing or objections or responses to the Motion. It further appears that the relief requested in the Motion is reasonable and in the best interest of the estate. After due deliberation and sufficient cause shown,

  **IT IS HEREBY ORDERED:**

  1. The Motion is **GRANTED**.

  2. A final decree is hereby entered and the case is closed pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure.

3. Following entry of this order and upon issuance of a final distribution, if any, the Liquidating Trustee is released; and the Liquidating Trust and the Liquidating Trust Committee are dissolved and wound up without any further action required by the Liquidating Trustee, the Debtor, or its officers, managers, or members.

**\*\*END OF ORDER\*\***

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA